FILED
JAMES BONINI
CLERK

06 MAR -2 PM 5:00

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARRELL ESTEP,<br>14120 Boyd Road<br>Mount Orab, Ohio 45154<br><br>    Plaintiff,<br><br>vs.<br><br>J. KENNETH BLACKWELL, in his official<br>capacity as SECRETARY OF STATE FOR<br>THE STATE OF OHIO<br>180 East Broad Street<br>Columbus, Ohio 43215 | CASE NO. **1:06 CV 106**<br><br>JUDGE    **BECKWITH**<br><br>**J. HOGAN** |

## CLASS ACTION COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiff Darrell Estep brings this action on behalf of himself and all others similarly situated against J. Kenneth Blackwell in his official capacity as Secretary of State of the State of Ohio. (Hereinafter referred to as "Blackwell" or "Secretary"). Mr. Estep challenges Defendant's policy and practice of publishing documents containing personal and private information, including social security numbers, on its website, http://www.sos.state.oh.us (the "Website"). The Secretary's website offers unrestricted access to such documents placing hundreds or thousands of individuals at risk of identity theft. The remedies sought at this juncture are limited to declaratory and injunctive relief.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 1343(3)-(4) and 28 U.S.C. 1367. Federal jurisdiction is appropriate in this instance to secure protection and to redress deprivations of rights conferred by 42 U.S.C. 1983.

3. The actions complained of herein occurred within the Southern District of Ohio; venue with this Court is appropriate.

## III. PARTIES

4. Plaintiff Darrell Estep is a resident of Brown County, Ohio whose personal and confidential information, including his social security number, has been published on the internet by Defendant Blackwell so as to allow unrestricted access to that information by potential identity thieves.

5. Defendant J. Kenneth Blackwell resides in Cincinnati, Ohio and is the elected Secretary of State for the State of Ohio. Part of Mr. Blackwell's official duties includes the filing of documents relating to secured transactions. Mr. Blackwell's office has, for several years, maintained a web site that publishes on the internet in an unrestricted fashion unredacted copies of filings with his office, including but not limited to documents relating to secured transactions, many of which contain individual social security numbers. Mr. Blackwell is sued in his official capacity for acts committed pursuant to policy of the State of Ohio.

## IV. STATEMENT OF FACTS

6. Mr. Estep financed the purchase of a trailer in 2002, flooring in 2003 and a riding mower in 2004. In each instance the lender prepared and filed with Defendant Blackwell's office a UCC Financing Statement. The UCC Financing Statements included a section for Mr. Estep's social

2

security number. Redacted copies of the statements are attached hereto as Exhibits A, B and C.

7. Consistent with its policy and practice, Defendant Blackwell's office published the statements filed by Mr. Estep's lenders, including his social security number, on the internet and has allowed unrestricted access to such documents since their filing.

8. Upon information and belief, the Secretary of State's Office is responsible for the preservation of hundreds of thousands or millions of documents, and publishes many of these documents on its website, all in unredacted form without any limitation or restriction on anonymous public access from anywhere in the world.

9. On March 2, 2006, an article appeared in *The Cincinnati Enquirer* stating that access to individual confidential information, including dates of birth and social security numbers, could be obtained from the Secretary's website. (Copy attached as Exhibit D). According to the article, Secretary Blackwell has been aware of the risk of identity theft created by his office's publication of social security numbers on the internet, but has refused to cease the practice. According to the article, a spokesperson for Secretary Blackwell's office publicly blames the individuals such as Mr. Estep for the publication of their personal and confidential information, stating that individuals who filed such forms are "stupid."

10. In December 2005, the Ohio Attorney General issued a written opinion confirming that documents containing individuals' social security numbers are not public records for purposes of R.C. § 149.43. (Copy attached as Exhibit E). According to the AG's opinion, there is a constitutionally protected privacy right in an individual's social security number. The opinion goes on to recommend that any documents containing individual social security numbers be redacted before disclosure by an Ohio public official.

3

11. Despite the opinion of the Attorney General for the State of Ohio, Defendant Blackwell has refused to cease the indiscriminate publication of documents containing individual social security numbers on his website.

12. Publishing documents containing individual names and social security numbers on the internet and allowing unfettered, anonymous access to such documents from anywhere in the world creates a serious and high risk of identity theft. An individual's social security number is the most useful identifier for retrieving information from public record databases, financial institutions and credit bureaus. Armed with an individual's name, address and social security number, an identity thief is able to quickly and easily steal an identity, whereas, without such information, the task is difficult, time consuming and costly. Accordingly, making such information available on the internet as Defendant has done creates an extremely high risk of identity theft to those individuals whose information has been published.

13. As a direct and proximate result of the publication of his social security number and other personally identifying information, as aforesaid, the Secretary of State unreasonably and without any justifiable state interest exposed Mr. Estep to an on-going risk of identity theft.

14. The risk of identity theft to which Mr. Estep has been and is exposed is the direct result of the official policies, practices and customs of the Ohio Secretary of State who, under color of state law, and with deliberate indifference to the risk posed, indiscriminately published personally identifying information including citizens' social security numbers by means of its government website to which members of the public had unregulated and unlimited access.

## V. CLASS ALLEGATIONS

15. Plaintiff maintains this action on behalf of himself and all individuals whose social

security numbers were included on documents published by Defendant on its website at any time since March 2, 2004.

16. Upon information and belief, in excess of 10,000 persons have had documents containing their social security numbers published on Defendant's website.

17. The members of the putative class are so numerous that joinder of individual claims is impracticable. Moreover, there are significant questions of fact and issues of law common to the members of the putative class. These issues include whether the publication of private information over a public website constitutes a violation of constitutional rights to privacy and personal security; whether there is a legitimate governmental interest in the publication of personally identifying information including individual's social security numbers; and, whether and to what extent the publication of individuals' social security numbers causes cognizable harm.

18. Plaintiff's claim is typical of the claims of the putative class. Plaintiff and all members of the putative class have been damaged in that private information has been published on the Defendant's website.

19. The proposed class representative will fairly and adequately represent the putative class because he has the class members' interest in mind, his individual claims are co-extensive with and identical to those of the class, and because he is represented by qualified counsel experienced in class action litigation.

20. A class action in this instance is superior to other available methods for the fair and efficient adjudication of these claims since individual joinder of the claims of all members of the putative class is impracticable. Most members of the class are without the financial resources necessary to pursue this matter. Even if some members of the class could afford to litigate their

claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed. Individual litigation increases the time and expense of resolving a common dispute concerning Clerk of Court's actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economy of scale and comprehensive supervision over the entire controversy by a single court.

21. The putative class may also be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the putative class thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the class.

22. Members of the putative class can be easily identified and therefore notice may be given based on records kept by Defendant. The harm stemming from the indiscriminate publication of individuals' social security numbers is manifest and common to all members of the class.

## VI. STATEMENT OF CLAIMS

### COUNT I

23. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 22 herein above.

24. The foregoing acts of Defendant violate Plaintiff's rights to privacy under the United States Constitution.

### COUNT II

25. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 24 herein above.

6

26. The foregoing acts of Defendant violate Plaintiff's right to personal security under the 14th Amendment to the United States Constitution.

## COUNT III

27. Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 26 herein above.

28. The foregoing acts of Defendant violate Plaintiff's right to procedural and substantive due process under the 14th Amendment to the United States Constitution.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Darrell Estep on behalf of himself and all others similarly situated hereby demands judgment against Defendant as follows:

1. For a declaration that Defendant's indiscriminate publication of personally identifiable information and social security numbers by means of its government website constitutes a violation of the United States Constitution;

2. For preliminary and injunctive relief enjoining, prohibiting and preventing Defendant from indiscriminately publishing personally identifiable information and social security numbers by means of its official website or by any other means;

3. For an award of reasonable attorney fees and costs incurred by Plaintiff and the members of the putative class in prosecuting this matter.

4. For an award of such other relief in law and equity to which Plaintiffs and the members

of the putative class may be entitled under the premises.

                                        Respectfully submitted,

                                        /s/ Marc D. Mezibov

                                        MARC D. MEZIBOV (Ohio Bar No. 0019316)
                                        CHRISTIAN A. JENKINS (Ohio Bar No. 0070674)
                                        STACY A. HINNERS (Ohio Bar No. 0076458)
                                        **MEZIBOV & JENKINS, CO. LPA**
                                        401 East Court Street, Suite 600
                                        Cincinnati, Ohio 45202
                                        Telephone: (513) 723-1600
                                        Telecopier: (513) 723-1620

                                        Trial Attorneys for Plaintiff, Darrell Estep