**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Darrell Estep,

    Plaintiff,

v.

J. Kenneth Blackwell, et al.,

    Defendant.

Case No. 1:06cv106

Judge Michael H. Watson

## OPINION AND ORDER

Before the Court is the May 17, 2006 Motion of Class Counsel for Award of Attorneys Fees, Expense Reimbursement and Class Representative Incentive Payment (Doc. 25). Defendant J. Kenneth Blackwell, in his official capacity as Secretary of State for the State of Ohio (hereinafter "Defendant") filed a Memorandum in Opposition on May 24, 2006 (Doc. 28). Additionally, the Court held a hearing on Class Counsel's motion on May 25, 2006.

This matter is ripe for review. For the reasons stated herein, the Motion for Award of Attorney Fees, Expense Reimbursement and Class Representative Incentive Payment is hereby **GRANTED IN PART** and **DENIED IN PART.**

### I. PROCEDURAL HISTORY

On March 2, 2006, Plaintiff and Class Representative Darrell Estep (hereinafter "Plaintiff") filed this action for injunctive relief challenging Defendant's publication of Uniform Commercial Code (hereinafter "UCC") documents containing social security numbers on Defendant's website, http://www.sos.state.oh.us. Through this website,

Defendant, published and made publicly available without any restriction, Plaintiff's social security number and those of the class.

The Court conducted an initial conference on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) on March 3, 2006. At that time, the Court scheduled a hearing on Plaintiff's Motion for March 6, 2006.

On March 6, 2006, Defendant filed his Memorandum in Opposition to Plaintiff's Motion. At the hearing on March 6, the parties presented their respective arguments to the Court. Moreover, the Court ordered Defendant to provide Plaintiff with a proposal to resolve the dispute between the parties no later than March 8, 2006. Further, the Court ordered the parties to participate in a telephone status conference on March 9, 2006

Settlement discussions between the parties were successful and on March 10, 2006, the parties reached a proposed agreement. On March 28, 2006, the Court executed an order granting class certification and preliminary approval of the settlement between the parties and scheduled this matter for a fairness hearing (Doc. 17). The finalized Settlement Agreement (Doc. 19) was filed with the Court on April 11, 2006.

Pursuant to the terms of the Settlement Agreement, the parties conferred in good faith with respect to an amount of reasonable attorneys' fee. Nonetheless, the parties were unable to agree upon the amount of attorneys' fee to be paid by Defendant. Accordingly, Class Counsel filed this Motion.

On May 25, 2006, the Court conducted the fairness hearing in this matter. At that time, the Court heard argument on Class Counsel's Motion. On June 8, 2006, the Court granted Class Certification and Approved the Settlement (Doc. 30). The determination of Class Counsel's Motion remained outstanding.

II.    **ANALYSIS**

Class Counsel requests an award of reasonable attorneys fees, reimbursement for case-related expenses and an incentive award for Plaintiff who initiated this litigation. Specifically, Class Counsel seeks an order approving:

1. 1.5 times $40,374.50 for attorneys fees incurred through the date of filing of the Motion;

2. compensation for up to twenty-five additional hours at the approved hourly rates for anticipated work related to the on-going implementation and oversight of the Settlement;

3. $1841.29 for expenses incurred in this litigation; and

4. A $5000.00 incentive award for Plaintiff.

In response, Defendant argues that the Settlement Agreement and Entry (hereinafter collectively "Agreement") limit the relief which Plaintiff can seek and only grant Plaintiff the ability to move for an award of attorneys' fees pursuant to Fed. R. Civ. P. 23(h). Defendant contends the plain language of the Agreement does not provide for an incentive payment, an award of costs beyond "nontaxable costs authorized by law", or a multiplier of fees. Finally, Defendant asserts portions of Class Counsel's fees are unreasonable and justify an award of less than the amount sought.

    A.    *Lodestar Method*

        1.    **Generally**

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel

yet which avoids producing a windfall for lawyers." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999), citing *Blum v. Stenson*, 465 U.S. 886, 893, 897 (1984).

There are two approaches by which to award attorneys' fees pursuant to Fed. R. Civ. P. 23(h). First is the common fund which "is employed where a lawyer recovers a common fund for the benefit of persons in addition to those he formally represents." *Geier v. Sundquist*, 372 F.3d 784, 790 (6th Cir. 2004). The application of the common fund approach is inappropriate in this action as there is no fund. See *id.*

Second, and applicable currently, is the lodestar approach which requires the reasonable hourly rate to be multiplied by the proven number of hours reasonably expended on the case by counsel. *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. *Id.* at 350.

### 2. Hourly Rate

In this action, there is no dispute between the parties with respect to the hourly rate sought by Class Counsel. As such, the Court will apply the rates agreed to by the parties: $400.00/hour for Mark Mezibov; $300/hour for Chris Jenkins, John Murdock and Jeff Goldenberg; $225/hour for Todd Naylor; $200/hour for Stacy Hinners; and $190/hour for Erik Laursen.

### 3. Number of Hours

The parties disagree as to the number of hours Class Counsel is entitled to for compensation in this litigation. First, Class Counsel expended nearly twenty-two hours

preparing the Complaint and Motion for Temporary Restraining Order, for which they contend is a reasonable amount of time. In response, Defendant argues the time expended in initiating this litigation seems unreasonable in light of Class Counsel's lead role in *Lambert v. Hartmann,* No. 1:04cv837 (S.D. Ohio, filed December 20, 2004).[1] Defendant argues a cursory inspection of the Complaints and Motions for Temporary Restraining Order in *Lambert* and this action highlights the similarity between the two cases. As such, Defendant contends the nearly twenty-two hours Class Counsel spent preparing the Complaint and Motion for Temporary Restraining Order in this action is unreasonable.

Additionally, Defendant maintains Class Counsel devoted more than twenty-five hours to preparing the Motion for Attorney Fees. However, Defendant contends the bulk of the Motion, about eleven out of fourteen pages, addresses issues for which Class Counsel are not entitled to recover. Specifically, an incentive award an upward adjustment and certain expenses. Defendant maintains time spent on seeking unrecoverable items should not be awarded.

Finally, Class Counsel requests authorization to submit to Defendant for payment a final invoice for up to an additional twenty-five hours. Class Counsel contends the additional hours are necessary to implement and oversee the settlement of this action. Defendant disagrees, contending this amount of time is a gross overestimate of the time necessary to oversee Defendant's remaining obligations under the Agreement.

---

[1] *Lambert* is an action against the Hamilton County, Ohio Clerk of Courts and Board of County Commissioners arising for the publication of private information, i.e. driver's license and social security numbers, on the Clerk of Courts' publicly accessible website.

Upon consideration, the Court concludes the amount of hours Class Counsel is entitled to for their work on the Complaint and Motion for Temporary Restraining Order shall be reduced. As argued by Defendant, a comparison of the Complaints and Motions for Temporary Restraining Orders in *Lambert* and this action reveals similarities between the two and the fact that, for the most part, the case law relied upon was the same. As such, It is clear that Class Counsel utilized the *Lambert* Complaint and Motion for Temporary Restraining Order as a template for this action. Therefore, the Court concludes twenty-two hours for work, which to a great percentage is duplicative of *Lambert*, is unreasonable. Accordingly, the Court shall permit recovery of fifteen hours to time for Class Counsel's work on the Complaint and Motion for Temporary Restraining Order.[2]

In arguing that Class Counsel is not entitled to full recovery for the hours expended on the Motion for Attorney Fees, Defendant relies upon *In re Burlington Northern, Inc.*, 832 F.2d 430 (7th Cir. 1987). *Burlington* holds that the reasonableness of a proposed fee award may be determined based upon the success or failure of the fees litigation. *Id.* at 434. However, under the circumstances of this case, the Court declines to apply this principle. In presenting their Motion for Attorney Fees, Class Counsel set forth sound legal arguments on the disputed issues. No issue advanced by Class Counsel was asserted frivolously or without a good faith basis. In this action, Class Counsel is entitled to recover attorney fees and, under the circumstances before the Court currently, to prevent the recovery of fees for time expended on issues which were

---

[2]Specifically, the time shall be allotted as follows: Mr. Mezibov 1 hour; Mr. Jenkins 6.5 hours; Mr. Larson 4.5 hours; Mr. Murdock 3 hours.

unsuccessful is punitive. Accordingly, the Court shall not reduce the number of hours Class Counsel can recover for the Motion for Attorney Fees.

Finally, the Court concludes an award of twenty-five hours to Class Counsel to implement and oversee the remaining aspects of the settlement is excessive. Instead, the Court concludes fifteen hours is appropriate and shall be awarded to Class Counsel for implementing and overseeing the completion of the settlement terms.

### 4. Upward Adjustment

Once the lodestar figure is established, a trial court may consider additional factors and adjust the award upward or downward to achieve a reasonable result. *Hensley v. Eckerhart*, 461 U.S. 424, 434,(1983). In determining whether an adjustment is warranted, the Supreme Court cites with approval twelve factors:

(1) the time and labor required;

(2) the novelty and difficulty of the question;

(3) the skill requisite to perform the legal service properly;

(4) the preclusion of other employment by the attorney due to acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorney;

(10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases. Abbreviated

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

In *Geier v. Sundquist*, 372 F.3d 784 (6th Cir. 2004), the Sixth Circuit engaged in a thorough discussion of the Supreme Court cases analyzing the application of the *Johnson* factors. See *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), *Blum v. Stenson*, 465 U.S. 886, 898-99 (1984), and *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). The *Geier* court noted the Supreme Court's holding in *Blum,* which was reaffirmed in *Delaware Valley,* that "factors such as 'the special skill and experience of counsel,' the 'quality of representation,' and the 'results obtained' from the litigation 'are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award." *Geier*, 372 F.3d at 795 (citations omitted). Nonetheless, the *Geier* court also noted the Supreme Court's statement that "upward adjustments of the lodestar figure are still permissible' and are proper 'in certain 'rare' and 'exceptional' cases.'" *Id.,* (citations omitted). As such, the *Geier* court concluded it

> must construe [the Supreme Court's] statement that certain *Johnson* factors 'cannot serve as independent bases for increasing the basic fee award,'.., not in isolation or as precluding use of those factors altogether, but rather in light of (1) the statements that precede it – namely that the named factors are 'presumably' reflected in the lodestar fee, but not certainly so; (2) the statements that follow it, reiterating that upward adjustments are permissible in 'rare' and 'exceptional' cases; and (3) *Blum,* the case that that portion of *Delaware Valley* is summarizing, which preserved the use of the 'results obtained' and the 'quality of representation' for an upward adjustment analysis in those 'rare' and 'exceptional' cases.

*Id.,* citations omitted.

Accordingly, Geier requires a court make a predicate finding that a case is "rare" and "exceptional" before applying the remaining factors in determining enhancement. Id. In the case at bar, the Court is unable to conclude the case is rare and exceptional. As stated by Plaintiffs in support of their Motion for Temporary Restraining Order, "numerous federal and state courts - including the [Supreme Court of Ohio] and this federal district - have recognized than an individual's social security number falls within a recognized 'zone of privacy.'" (Doc. 9). Moreover, as pointed out by Defendants, Plaintiff's counsel is involved in the Lambert litigation. As such, the body of cases which already exist with respect to privacy issues undermines a finding that this action is rare and exception. Therefore, an upward adjustment is not appropriate.

C.  Expenses

Class Counsel argues it is entitled to reimbursement in the amount of $1841.29 for expenses incurred during this litigation. Class Counsel contends, as evidenced by the detailed time and expense records, the expenses were necessary and reasonable. In response, Defendant argues only two of the expenses Class Counsel seeks to have reimbursed are proper pursuant to Fed. R. Civ. P. 54(d)1) and 28 U.S.C. §1920. Specifically, Defendant contends the expense of $310.00 for Dan Clements and $54.00 for photocopying and printing costs are appropriately reimbursed.

Fed. R. Civ. P. 54(d)(1) states, in relevant part, "...costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Costs which may be taxed are set forth in 28 U.S.C. §1920, which states:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

\* \* \*

Currently, the costs which may be reimbursed are those associated with Mr. Clements and photocopying and printing. To allow reimbursement for the other expense would be "inconsistent with the concept of costs articulated in §1920." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (citation omitted).

D. *Incentive Award*

Class Counsel seeks an incentive award for the Class Representative, Mr. Estep, in the amount of $5000.00. Class Counsel argues Mr. Estep indicated his desire and willingness to undertake the responsibilities and fiduciary duties on behalf of the class he represents. Class Counsel contends Mr. Estep diligently fulfilled his duties as Class Representative and that absent his willingness to initiate this litigation, the

substantial and timely injunctive relief obtained in this case for the benefit of all would not have occurred.

In response, Defendant argues an incentive award is not appropriate under the circumstances. First, there is no support in case law for awarding an incentive award in the absence of a common fund. Second, the Settlement Agreement and Entry do not provide for an incentive award to the Class Representative.

A review of case law reveals that numerous courts authorized Incentive awards to class representatives for their often extensive involvement with a lawsuit. See Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998); In re U.S. Bancorp Litig., 291 F.3d 1035, 1038 (8th Cir.); In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 463. The courts stress that an incentive award is an effective tool to encourage a class member to become the class representative and to reward their individual efforts taken on behalf of the class. Hadix v. Johnson, 322 F.3d 895, 897 (6th Cir. 2003). Nonetheless, courts carefully review applications for incentive awards due to concerns that incentive awards may lead the class representative to either expect a windfall for filing the action or compromise the interest of the class for personal gain. See 2 Herbert Newberg & Alba Conte, NEWBURG ON CLASS ACTIONS § 11.38, at 80-81 (3d ed. 1992) (noting that "the propriety of 'incentive' awards to named plaintiffs has been rigorously debated"); see also Cohen v. Resolution Trust Corp., 61 F.3d 725, 728 (9th Cir. 1995) (holding that "'when a settlement explicitly provides for preferential treatment for the named plaintiffs in a class action, a substantial burden falls upon the proponents of the settlement to demonstrate and document its fairness'") (citation omitted).

In examining incentive awards, the *Hadix* court noted they "are usually viewed as extensions of the common-fund doctrine, a doctrine that holds that a litigant who recovers a common fund for the benefit of persons other than himself is entitled to recover some of his litigation expenses from the fund as a whole." 322 F.3d at 898, citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (describing the common-fund doctrine); *In re S. Ohio Corr. Facility*, 175 F.R.D. 270, 273 & n.3 (S.D. Ohio 1997) (listing cases where incentive awards have been taken out of a common settlement fund). As such, when class-action litigation results in the creation of a communal pool of funds for distribution to class members, courts approved incentive awards to be drawn from said pool. *Hadix* at 898 (citations omitted) However, absent a common fund, there is no place from which to draw an incentive award. *Id*. The *Hadix* court was unable to find a case which awarded an incentive award, which the settlement agreement did not authorize, in the absence of a common fund. *Id*.

Accordingly, the *Hadix* court determined since there was "neither authorization in the consent decree for th[e] incentive award nor a common fund from which it could be drawn...it [wa]s plainly inappropriate to grant an incentive award." *Id*. Further, the *Hadix* court reasoned:

> ...this result comports with our holdings on consent decrees generally. Moore ...is essentially asking the defendants to take on the additional burden of an incentive award above and beyond the liabilities they had agreed to in the consent decree settling the lawsuit -- for the absence of a common fund here means that Moore would have to obtain the incentive award not from a communal fund belonging to him and his fellow class members, but from the defendants directly. Moore phrases it as merely forcing the defendants to reallocate some of the money from the implementation of the consent decree to his incentive award, but that misses the point. "A consent decree, although in effect a final judgment, is a contract founded on the agreement of the parties." *Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir.), cert. denied, 506 U.S.

> 827, 121 L. Ed. 2d 49, 113 S. Ct. 86 (1992). "'It should [therefore] be construed to preserve the position for which the parties bargained.'" *Gonzales v. Galvin*, 151 F.3d 526, 531 (6th Cir. 1998) (citation omitted). Forcing the defendants to pay the incentive award is certainly an additional expenditure, and it is therefore impermissible. *See Lorain NAACP v. Lorain Bd. of Educ.*, 979 F.2d 1141, 1153 (6th Cir. 1992) (holding that an increase of one party's "financial obligations under the consent decree beyond [the agreed-upon amount] constitutes an abuse of discretion and cannot stand"), cert. denied, 509 U.S. 905 (1993).

*Id.* 898-899.

The reasoning of the *Hadix* court applies with equal force currently. While the Court is mindful that Mr. Estep performed his duties diligently and his actions as Class Representative benefitted thousands of individuals, these do not alter the fact there was no common fund established as a result of the settlement in this matter. As such, any incentive award would be money paid to him from the Defendant directly. This issue, by itself is sufficient basis for denying an incentive payment. An additional aspect is the the plain language of the Agreement, which does not provide for an incentive award to Mr. Estep as Class Representative. As such, the parties did not bargain for an incentive award. Accordingly, for the Court to award one would be in contradiction to the settlement terms upon which the parties negotiated and agreed and the Court approved. Therefore, the Court concludes an incentive award to Mr. Estep is not appropriate.

## III. CONCLUSION

Based upon the foregoing analysis, the May 17, 2006 Motion of Class Counsel for Award of Attorneys Fees, Expense Reimbursement and Class Representative Incentive Payment (Doc. 25) is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court