UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DARRELL ESTEP,** | : | Case No. 1:06CV106-MHW |
| | : | |
| Plaintiff, | : | Judge Watson |
| | : | |
| vs. | : | |
| | : | |
| **J. KENNETH BLACKWELL, in his official capacity as SECRETARY OF STATE FOR THE STATE OF OHIO,** | : : : | |
| | : | |
| Defendant. | : | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated June 10, 2008 (Doc. 62), the Parties jointly and respectfully submit the following status report:

**I.  BACKGROUND**

On March 2, 2006, Plaintiff Darrell Estep filed a Class Action Complaint (Doc. 1) and Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 2) against the Ohio Secretary of State alleging that the office's practice of providing unfettered public online access to documents containing individuals' social security numbers violated federal and Ohio law. Defendant contested these claims.

After a fairness hearing was held on March 24, 2006, the Court entered an Agreed Entry conditionally certifying the class as set forth in the Complaint. (Doc. 17).

On April 11, 2006, the Parties entered into a voluntary Settlement Agreement and Release of Claims ("Settlement Agreement") (Doc.19). As part of the Settlement Agreement, the Secretary of State agreed to implement certain policies, procedures and practices for the purpose

of protecting individuals' social security numbers from publication. (See Doc. 19 at 2-4). In accordance with paragraph 6 of the Settlement Agreement, since May 2006, the Secretary of State has provided the Court with monthly reports of the progress the office has made in implementing these terms of the Settlement Agreement.

Since May 2006, Plaintiffs' counsel has monitored these reports on a monthly basis. Where issues or concerns have arisen, Plaintiffs' counsel has successfully resolved such through direct contact with the Secretary of State's counsel.

## II.  PROGRESS TO DATE

The following progress report correlates with the obligations set forth in pages 2 through 4 of the Settlement Agreement:

### A.PARAGRAPH 1 – PROSPECTIVE REDACTION, OBLITERATION OR BLOCKING

1.The former Secretary of State commenced prospective redaction, obliteration or blocking of all social security numbers from UCC filings posted to the website on April 6, 2006. After filing the Eleventh Status Report on March 9, 2007, the current Secretary of State evaluated the process implemented by the prior administration to prospectively redact, obliterate or block all social security numbers from UCC filings posted on the website, and as of the date of filing this Status Report, has learned the following details about the process:

- On April 6, 2006, the former Secretary of State implemented a full manual review of prospective UCC filings, which was conducted by an outside vendor, hereinafter referred to as "Kindred."  Kindred reviewed each UCC filing to identify and redact all social security numbers from the filings.

- At some later point, the former Secretary of State purchased and implemented a software program, known as ID Shield, which scanned certain fields in the UCC filing forms and used optical character recognition to identify and redact social security numbers automatically.

- After the ID Shield program was implemented, the former Secretary of State discontinued Kindred's full manual review of UCC filings and limited the prospective redaction process to the ID Shield program.

- Because the ID Shield software program was less than one hundred percent effective, the former Secretary of State later changed the prospective redaction process to include a manual review of the UCC filings that Kindred identified as "suspicious" filings (i.e., those containing a social security number).

- Secretary of State employees conducted the manual review of "suspicious" filings after the filings had been scanned by the ID Shield software but not before the filings were made available on the website. If a social security number was found in a UCC filing during the manual review, the social security number was redacted from the website.

- On March 29, 2007, Kindred informed the current Secretary of State that attachments to UCC filing forms are not reviewed for social security numbers. Therefore, if an attachment to a UCC filing contains a social security number, it was not identified as "suspicious" and manually reviewed, unless the UCC filing form to which it is attached contained a social security number.

- The current Secretary of State discontinued its service contract with Kindred and assigned Secretary of State employees to identify and manually review "suspicious" filings and to make appropriate redactions for all incoming UCC filings and related attachments.

2. All UCC filings continue to be scanned by the ID Shield software program and, if identified as "suspicious," are manually reviewed and redacted by Secretary of State employees. However, the current Secretary of State has tested and implemented changes to the prospective redaction process to make sure that all UCC filings identified as "suspicious" are manually reviewed after being scanned by ID Shield and redacted
<u>before</u> being posted on the website, a change from the prior administration's procedures.

3. The current Secretary of State investigated changes to the prospective redaction process to ensure that all "suspicious" UCC filings are identified for manual review, including those with attachments containing social security numbers.

4.      The current Secretary of State also considered options to find and redact all social security numbers in UCC filings made after April 6, 2006, which were not successfully redacted via previous redaction procedures.

5.      The General Assembly passed House Bill Number 46, which was signed by the Governor and is effective on October 1, 2008.  This enacts a law which permits the rejection and/or redaction of documents if they contain social security numbers and employer identification numbers (EINs).

**B.      PARAGRAPH 2 – RETROACTIVE REDACTION, OBLITERATION OR BLOCKING**

6.      The former Secretary of State contracted with a vendor to retroactively redact, obliterate or block all social security numbers from UCC filings which were posted on its website prior to the effective date of the Settlement Agreement.  The redaction system purchased from the vendor consisted of a software program known as ID Shield, which the former Secretary implemented and applied to the UCC database.  As described above, the ID Shield software program scanned the UCC filings for social security numbers and automatically redacted those it identified.

7.      After applying ID Shield to the UCC database, the former Secretary's office reviewed the end product for effectiveness.  As a result of that review, and to address concerns raised by Plaintiff's counsel, the Secretary's office hired Kindred to manually review each UCC filing and redact social security numbers missed by ID Shield.  A manual review of UCC filings made between January 1, 2001 and January 20, 2005 has been completed.  A manual review of UCC filings made by high volume filers between January 20, 2005 and October 20, 2006 has been completed.

8. The current Secretary of State learned that Kindred's manual review described in the preceding paragraph was less than one hundred percent effective.

9. On June 5, 2007 the current Secretary of State contracted with 3SG Corporation ("3SG") to manually review and redact remaining social security numbers, if any, from UCC filings in the Secretary of State's database. From June 5, 2007 through June 8, 2007, employees of the current Secretary trained 3SG employees to perform the manual review and redaction of UCC filings. Only 3SG employees who completed the training program are authorized to manually review and redact the UCC filings. After the training concluded, 3SG began to manually review and redact UCC filings and continues to perform those services. Employees of the current Secretary monitor the work performed by 3SG for quality and accuracy.

10. 3SG has completed its manual review and redaction of UCC filings in the Secretary of State's database.

11. The Secretary is currently performing a review of 3SG's work and is making sure that any remaining social security numbers are redacted.

12. We have completed 85% of the review to ensure that no social security numbers or other personal information are left unredacted by 3SG's manual and automated review. We anticipate that this will be completed by September 2008.

C. **PARAGRAPH 3 – REGISTRATION FOR WEB ACCESS TO UCC FILINGS**

13. The former Secretary of State developed a temporary registration process for all entities seeking access to UCC information on its website. Deployment of the system occurred on June 30, 2006.

14. Under the terms of the Settlement Agreement, the temporary registration process was to remain in place until this case is dismissed. However, for reasons that are yet unknown,

5

the former Secretary of State used the temporary registration process on its website for only three days and discontinued the process on July 3, 2006.  Records from the former administration do not evidence that the former Secretary of State notified the Court that the temporary registration process had been discontinued.

15. The current Secretary of State is examining whether the registration process can be re-implemented or whether a new registration process must be created to satisfy the obligations under paragraph 3 of the Settlement Agreement, unless opposing counsel and the Court would agree otherwise.

16. In light of the Secretary of State's aforementioned representations regarding prospective and retrospective redaction of documents, Plaintiffs will consent to deferring the registration requirement set forth in paragraph 3 of the Settlement Agreement for a period of 90 days.

    **D.**    **PARAGRAPH 4 – NOTICE TO FILERS**

17. The former Secretary of State reported that he provided notice, on April 11, 2006, to the most frequent filers of UCC records informing them that social security numbers are not required to effectively register UCC records with the Secretary of State's Office.  Copies of all such notices were provided to class counsel on May 5, 2006.

18. The May 10, 2006 Status Report submitted by the former Secretary of State indicated that a copy of the notice was attached to the Status Report as Tab 1.  All subsequently filed Status Reports refer to Tab 1 of the May 10 report when referencing the notice sent to frequent filers.  However, it appears that Tab 1 was never filed with the Court.

19. The current Secretary of State obtained an example of the notice which was sent to frequent filers.  The letter is dated July 20, 2006 is attached to this Status Report as Tab 1.

20.     Accordingly, the Secretary's obligations under paragraph 4 of the Settlement Agreement have been satisfied.

**E.     PARAGRAPH 5 – BULK REQUESTS FOR INFORMATION**

21.     The former Secretary of State reported that he provided notice to any entities seeking UCC images on CD or bulk format that such information was to be used only for legal purposes under Ohio law.

22.     The current Secretary of State continues to provide such notice any entities who request UCC images on CD or bulk format.

**F.     Follow Up Reports to the Court**

23.     The parties jointly recommend that they file another joint report with the Court in 90 days.

Jointly and Respectfully submitted,

| | |
|---|---|
| /s/ *Marc D. Mezibov* | */s/ Richard N. Coglianese* |
| MARC D. MEZIBOV (0019316) | RICHARD N. COGLIANESE (0066830) |
| STACY A. HINNERS (0076458) | DAMIAN W. SIKORA (0075224) |
| Law Office of Marc Mezibov | Office of the Ohio Attorney General |
| 401 E. Court Street, Suite 600 | Constitutional Offices Section |
| Cincinnati, OH 45202 | 30 E. Broad Street, 17th Floor |
| Telephone: (513)621-8800 | Columbus, OH 43215 |
| Telecopier: (513)621-8833 | Telephone: (614)466-2872 |
| mmezibov@mezibov.com | Telecopier (614)728-7592 |
| shinners@mezibov.com | |
| | *Counsel for Jennifer Brunner in her official* |
| JOHN C. MURDOCK | *Capacity as Secretary of State* |
| JEFFERY S. GOLDENBERG | *For the State of Ohio* |
| Murdock, Goldenberg, Schneider & Groh | |
| 35 E. Seventh Street, Suite 600 | |
| Cincinnati, OH 45202 | |
| Telephone: (513)345-8291 | |
| Telecopier: (513)345-8294 | |

*Class Counsel for Plaintiffs*